[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12275
Non-Argument Calendar

_____

BIA No. A98-347-168

SIRAK SOLOMON FSSAHAYE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(January 23, 2008)**

Before ANDERSON, BIRCH  and DUBINA, Circuit Judges.

PER CURIAM:

Sirak Solomon Fssahaye petitions for review of an order by the Board of

Immigration Appeals (BIA), granting reconsideration of its earlier affirmance, but re-affirming and adopting the immigration judge's (IJ's) order denying asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, or Degrading Treatment or Punishment (CAT), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).

First, Fssahaye asserts that he is a citizen of Eritrea, rather than Ethiopia, and the IJ erred by deciding that he was from Ethiopia. He asserts that he presented substantial evidence that he is Eritrean, including his birth certificate, accompanied by a map showing that his city of birth is part of Eritrea, and his testimony that, because his father is Eritrean, he is considered Eritrean.

We review the decision of the BIA, except to the extent that the BIA expressly adopts the IJ's decision; insofar as the BIA adopts the IJ's decision, we review the IJ's decision as well. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Because, in the final order of removal, the BIA denied the appeal for the reasons stated both in that decision, as well as its prior decision, in which it adopted and affirmed the IJ's decision, we review both the BIA's and the IJ's decisions. See id. The BIA's and IJ's "findings of fact are reviewed under the substantial evidence test," and we must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Antipova v. U.S. Attorney Gen., 392 F.3d 1259, 1261 (11th Cir. 2004)

2

(quotation omitted). "To reverse the fact findings, we must find that the record not only supports reversal, but compels it." Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). In general, the alien bears the burden to prove that he is eligible for relief. 8 U.S.C. § 1158(b)(1)(B)(i).

Because Fssahaye's birth certificate, as well as representations that he made on immigration-related documents prior to his removal hearing, formed substantial evidence supporting the BIA's finding that Fssahaye was a citizen of Ethiopia, rather than Eritrea, the record does not compel reversal of the BIA's decision, and we deny the petition for review.

Next, Fssahaye argues that the IJ erred by finding that his testimony that he was beaten and held captive in Eritrea was not credible. Because, as discussed above, the BIA's finding that Fssahaye was a citizen of Ethiopia, and had not demonstrated that he was persecuted there, was supported by substantial evidence, we could deny the petition without reaching the issue of whether substantial evidence supported the IJ's adverse credibility finding regarding Fssahaye's claims of persecution in Eritrea, and its attendant denial of relief. In other words, if Fssahaye was not persecuted in Ethiopia, his home country, the IJ and BIA were entitled to deny his application for relief, regardless of whether he was persecuted in some other country, such as Eritrea. However, because the BIA adopted and affirmed the IJ's decision, in addition to rendering its own decision, we will

3

address the IJ's findings.

An "extremely detailed adverse credibility determination alone may be sufficient to support the IJ's [or BIA's] denial of an asylum seeker's application." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818-19 (11th Cir. 2004). Once the IJ has given specific, cogent reasons for its adverse credibility determination, "[t]he burden shifts to the alien to show that the IJ's credibility decision was not supported by specific, cogent reasons or was not based on substantial evidence." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006). Pursuant to 8 U.S.C. § 1158(b)(1)(B)(iii), as amended by the REAL ID Act § 101(a)(3),[1] the IJ or BIA may make an adverse credibility determination based on the "totality of the circumstances," and deny a claim based on inconsistencies, inaccuracies and falsehoods contained in the evidence, without regard to whether they go to the "heart" of the claim. Chen, 463 F.3d at 1232-33. We have held that an inconsistency between an alien's statements to the IJ and statements to immigration officers may support an adverse credibility finding. See id. at 1232 (noting, inter alia, inconsistency between statements made at IJ hearing regarding details of religious practice and those made during credible fear interview upon

_____

[1]Because the final order of removal was entered after May 11, 2005, the effective date of the REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231 (2005), Fssahaye's petition is governed by that act. REAL ID Act § 106(d) (effective May 11, 2005, for all cases in which the final order "was issued before, on, or after" the effective date).

4

entry to the United States).

The IJ's adverse credibility determination was based on specific, cogent reasons that were supported by the record as a whole, and the record does not compel reversal. The IJ accurately noted that: (1) Fssahaye's testimony that he came to the United States to seek asylum was inconsistent with his statement to the border patrol agent that he came here to seek employment; (2) in his asylum application, he checked a box stating that he had never been detained or imprisoned in a country other than the United States, which was inconsistent with his testimony that he was imprisoned by Eritrean soldiers; and (3) while he represented to a border patrol agent that he was fluent in English, he indicated before the IJ that he could not speak English well.

Having carefully reviewed the record and the parties' briefs, we discern no reversible error, and deny the petition for review.

**DENIED.**